

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Mortimer Brown
Executive Secretary
Teacher Retirement System of Texas
Austin, Texas

Dear Sir:

Opinion No. O-2500
Re: Sufficiency of attempted
change of beneficiary.

In your letter of June 28, 1940, you advised us that Julia K. Froelich was a member of the Teacher Retirement System, with Alice Caspari as her designated beneficiary until June 16, 1940, when she addressed to you a letter, signed by her, reading:

"Please be advised that I desire my beneficiary to be changed from my present one to be payable to my estate.

"Thanking you very much, I am

Yours very truly,

/s/ Julia K. Froelich

"Present beneficiary is Alice Caspari."

You received that letter and on June 21, 1940, mailed to the member one of your regular change of beneficiary forms to be signed by her making the desired change. Miss Froelich died on Sunday, June 23, 1940, at 6:45 A.M., without having signed the form sent to her, and you request our opinion as to whether the member effectually changed the beneficiary, by her letter of June 16th.

You have also furnished us with a copy of an affidavit made by Mrs. W. H. Shirley, administratrix of the estate of the deceased, stating that she visited Miss Froelich

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Mortimer Brown, Page 2

at 11:00 o'clock on the night of June 22nd, and that at least up to that time the letter written by you containing the change of beneficiary form had not been delivered to her. The affidavit further states that such letter containing the form was given to the affiant on June 25th, unopened up to that time. We shall take these statements as true and as showing that the letter containing the form was never received by Miss Froelich prior to her death, or if received by her that she was unable to properly dispose of it. She was in the hospital where she died prior to June 18th.

From your letter we understand that no optional selection was made under the provisions of Subsection 7, of Section 5, Article 2922-1, Vernon's Civil Statutes, and the only part of said Article bearing on the change of beneficiary question is Subsection 6 of said Section 5, reading as follows:

"Should a member cease to be a teacher except by death or retirement under the provisions of this Act, he shall be paid in full the amount of the accumulated contributions standing to the credit of his individual account in the Teacher Saving Fund. Should a member die before retirement, the amount of his accumulated contributions standing to the credit of his individual account shall be paid as provided by the laws of descent and distribution of Texas unless he has directed the account to be paid otherwise. Seven (7) years after such cessation of service, if no previous demand has been made, any accumulated contributions of a contributor shall be returned to him or to his heirs. If the contributor of his heirs cannot then be found, his accumulated contributions shall be forfeited to the Retirement System and credited to the Permanent Retirement Fund."

The form adopted by the Teacher Retirement System for the designation of beneficiaries contains the statement that the members will make any desired change of beneficiary on the form prescribed by the System, and "that unless such change of beneficiary is filed at the office of the Teacher Retirement System at Austin, Texas, during my lifetime, it shall be void and of no effect." Miss Froelich's designation was upon one of these forms. The designation was not acknowledged by her, neither the form for originally designating a beneficiary

Hon. Mortimer Brown, Page 3

nor for changing the beneficiary being equipped with acknowledgment forms, but spaces being provided for signature witnesses.

We have no appellate court decision on this particular Act concerning this point. It is generally said that provisions inserted in insurance policies governing the method of changing beneficiaries are for the protection of the insurance companies. Adams vs. Adams, 78 S. W. (2) 664; Wyatt vs. Wyatt, 63 S. W. (2) 268. It is also well settled that if an insured does all he can reasonably do to perfect a change of beneficiary during his lifetime, then and in that event, it will be regarded as accomplished, even though the application for such a change arrives at the insurance company office and the change is indorsed upon the policy after the death of the insured. Adams vs. Adams, supra; Wyatt vs. Wyatt, supra; Brown vs. Union Central Life Ins. Co., 72 S. W. (2) 661, Kelley vs. McDonald, 83 S. W. (2) 414, and Beck vs. Beck, 90 S. W. (2) 284, (rule recognized). As we read these cases the term "all that the insured can reasonably do" has reference to what he can do after he has determined to make the change.

In the instant case, the letter written by the member on June 18th disclosed her intention to make the change of beneficiary just as clearly as any instrument could do. It is our understanding that the genuineness of that letter is unquestioned. So far as the question of indicating Miss Froelich's wishes is concerned, the signing of the form prescribed by the System would have added nothing. The law always strives to look to the substance rather than to the mere form. This deceased member had actually placed in the hands of the System a signed change of beneficiary. She died before the form mailed by the System reached her hands. Under the circumstances, it is our opinion that she did all that was necessary to make the change of beneficiary and we accordingly answer your question in the affirmative. It is our suggestion that Miss Caspari be advised a few days in advance of your intended payment of the benefits to the administratrix.

Yours very truly

APPROVED AUG 1, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_
Glenn R. Lewis
Assistant

ORL:rw

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN